IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:17CV120-RJC-DSC

| | |
|---|---|
| PEGGY D. SIGMON, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social )<br>Security Administration, )<br>      Defendant. )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #16), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on July 12, 2017. The Administrative Law Judge ("ALJ") found her not disabled at step five of the sequential evaluation process based upon the Vocational Expert's ("V.E.") testimony. (Tr. 35). Plaintiff assigns error to the ALJ's formulation of her

1

Residual Functional Capacity ("RFC").[1] See Plaintiff's "Memorandum ..." at 4-5, 11-19 (document #11). She also contends that the ALJ failed to resolve apparent conflicts between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT"). "Plaintiff's Memorandum …" at 5-11 (document #11).

The parties' Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[2] as that term of art is defined for Social Security purposes. Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

In Mascio, the Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v.Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). See also SSR 96-8p (where ALJ completes Psychiatric Review Technique Form ("PRTF"), mental RFC evaluation for use at steps 4 and 5 "requires a more detailed assessment by itemizing various functions … summarized on the PRTF"). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." Id.

The ALJ determined that Plaintiff's RFC encompassed the ability to perform "light work … except only occasional postural activity and avoid workplace hazards. Able to follow short, simple instructions and perform routine tasks but no work requiring a production rate or demand pace. Able to sustain attention and concentration for 2 hours at a time. Frequent, but not continuous, contact or interactions with coworkers, supervisors and the public. Avoid work environments dealing with crisis situations, complex decision making or constant changes in a routine setting." (Tr. 21).

Plaintiff contends that the ALJ failed to explain her conclusion that she could sustain attention and concentration for two hours at a time or account for her need for a low stress environment. The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016)).

The ALJ gave significant weight to the opinions of state agency psychologists Doctors Anne Newman and Sharon J. Skoll in assessing Plaintiff's mental RFC. (Tr. 21, 28, 63, 75). The ALJ found that Plaintiff had moderate difficulties in concentration, persistence, or pace. (Tr. 20). The ALJ included concentration, persistence, and pace limitations in the RFC assessment (Tr. 21). Specifically, the ALJ's RFC assessment provides that Plaintiff could sustain attention and concentration for two hours a time. (Tr. 21). The RFC assessment also states that Plaintiff could not perform work at a "production rate or demand pace" (Tr. 21). These limitations support the ALJ's finding that Plaintiff had limitations in concentration, persistence, or pace.

5

The ALJ also found that Plaintiff must "[a]void work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting." (Tr. 21). These limitations adequately accounted for Plaintiff's need for a low-stress work environment. See, e.g., Martin v. Colvin, No. 1:14-CV-234, 2015 WL 9094738, at *6 (W.D.N.C. Dec. 16, 2015) ("[T]he RFC's limitation to jobs without 'strict production quotas' accounts for Dr. Finch's opinion that Claimant can work in a low stress environment."); Cloer v. Astrue, No. 2:10-CV-018, 2011 WL 5974370, at *6 (W.D.N.C. Nov. 29, 2011) (holding that the ALJ's RFC finding for "simple, repetitive jobs with things rather than people" accounted for expert's opinion that Plaintiff's "stress tolerance appears to be moderately impaired").

Plaintiff also contends that the ALJ erred in relying on the V.E.'s testimony rather than resolving apparent conflicts with the DOT. In response to a hypothetical that included Plaintiff's limitations, the V.E. testified that such person could not perform Plaintiff's past work, but could perform jobs as office helper (DOT number 239.567-010), inspector/packer (DOT number 559.687-074), and housekeeping cleaner (DOT number 323.687-014). (Tr. 50-51). There were at least 15,000 of each of these jobs available nationally.

The ALJ asked the V.E. whether his testimony was consistent with the DOT and the V.E. replied that it was. (Tr. 51) The ALJ made no further inquiries of the V.E. concerning apparent conflicts in his testimony. (Tr. 51-53). The ALJ found that the V.E.'s testimony was consistent with the information contained in the DOT. (Tr. 29).

In Pearson v. Colvin, 810 F.3d 204, 210-12 (4th Cir. Dec. 17, 2015), the Fourth Circuit held that the ALJ has not fully developed the record if there are any unresolved conflicts between the V.E.'s testimony and the DOT. Id. at 209. See also Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (where ALJ's analysis is incomplete, remand for further development of the record is appropriate rather than district court mining facts to support or refute ALJ's decision).

6

It is not Plaintiff's burden to identify this conflicting evidence during the hearing. Rather the "ALJ independently must identify conflicts between the expert's testimony and the [DOT]." Id. at 209. Merely asking the V.E. if there were any conflicts is insufficient. Id. at 210. The ALJ must elicit an explanation about any conflicts from the V.E. The ALJ must then determine whether that explanation is reasonable and provides a basis for relying on the V.E.'s testimony rather than the DOT. Id. at 209-10. Absent an explanation for any apparent conflicts, the V.E.'s testimony does not provide substantial evidence for a denial of benefits. Id. at 211.

Plaintiff argues that the office helper and inspector/packer jobs identified by the V.E. require GED reasoning levels of two, which conflicts with the RFC limitation to simple, routine, repetitive tasks. This Court has consistently held that there is no conflict between reasoning level two work and a limitation to simple tasks. Courtney v. Colvin, No. 12cv0073, 2014 WL 1882583, at * 3 (W.D.N.C. May 12, 2014) (citing Pippen v. Astrue, No. 1:09cv308, 2010 WL 3656002, at *7 (W.D.N.C. Aug. 24, 2010) ("work requiring a reasoning level of two is not inconsistent with a limitation to simple work"). The Fourth Circuit's unpublished decision in Henderson v. Colvin, 643 F. App'x 273, 276–77 (4th Cir. Apr. 5, 2016) cited by Plaintiff does not suggest a different result. There, the Court addressed a limitation to "one-to-two step tasks," which is different from the RFC limitation here. Id.

Plaintiff next argues that the RFC finding and hypothetical question include a limitation to only occasional postural activities which conflicts with the DOT. To the contrary, the DOT provides that each of the jobs identified by the V.E. require no more than occasional postural activities. The DOT entry for housekeeping cleaner requires only occasional kneeling, crouching, or stooping, and does not require any crawling. DOT No. 323.687-014. Similarly, the DOT provides that the job of inspector/packer requires only occasional stooping with no kneeling,

7

crouching, or crawling. DOT No. 559.687-074. The job of office helper requires only occasional stooping with no kneeling, crouching, or crawling. DOT No. 239.567-010. This is entirely consistent with the VE's testimony, which was based upon a limitation to occasional postural activities. (Tr. 50-51).

Finally, Plaintiff contends that the RFC limitation to no "production rate or demand pace" conflicts with the jobs identified by the V.E. Aside from the commonality of the word "production," Plaintiff has not shown and the record does not establish a conflict between the V.E.'s testimony and the job definitions. Nothing in the DOT suggests that the office helper, inspector/packer or housekeeping cleaner jobs involve production pace work akin to an assembly line.

The ALJ's step five analysis was proper.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and her ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **DENIED**; that Defendant's

8

"Motion for Summary Judgment" (document #16) be **GRANTED**; and that the Commissioner's decision be **AFFIRMED**.

V. <u>**NOTICE OF APPEAL RIGHTS**</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED**.

Signed: April 5, 2018

David S. Cayer
United States Magistrate Judge