UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-120-RJC-DSC

| PEGGY D. SIGMON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commisioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Peggy Sigmon's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 10); her Memorandum in Support, (Doc. No. 11); Nancy A. Berryhill's ("Defendant's") Motion for Summary Judgment, (Doc. No. 16); her Memorandum in Support, (Doc. No. 17); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 18), recommending the Court grant the Defendant's Motion. Plaintiff filed a timely objection. (Doc. No. 19). Defendant filed a timely Reply to Plaintiff's objection on May 9, 2018. (Doc. No. 20). Plaintiff also filed a Motion to Strike Defendant's Reply for untimeliness on May 9, 2018. (Doc. No. 21). The Motions are now ripe for the Court's consideration.

I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as

reproduced below:

> Plaintiff filed the present action on July 12, 2017. The Administrative Law Judge ("ALJ") found her not disabled at step five of the sequential evaluation process based upon the Vocational Expert's ("VE") testimony. (Tr. 35). Plaintiff assigns error to the ALJ's formulation of her Residual Function Capacity ("RFC").1 See (Doc. No. 11, at 5–11). She also contends that the ALJ failed to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Doc. No. 11, at 5–11).
>
> The parties' Motions are ripe for disposition.

(Doc. No. 18 at 1–2).

## II. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation.

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

2

not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

B. Review of a Final ALJ Decision under the Social Security Act.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

3

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The Magistrate Judge issued an M&R recommending the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. (Doc. No. 18 at 1). Plaintiff objects to the M&R, arguing that: (1) a limitation to "short, simple instructions" establishes an apparent conflict with a Reasoning Level 2 as required by the DOT descriptions for office helper and inspector/hand packager jobs; (2) Plaintiff's three recommended jobs apparently conflict with the ALJ's restriction to "no work requiring a production rate or demand pace"; (3) the ALJ failed to form a logical bridge from the evidence to the conclusion that Plaintiff could do simple, routine, repetitive tasks for two-hour segments; and (4) the ALJ did not adequately address Plaintiff's capacity to handle stress. (Doc. No. 19). Defendant filed an untimely reply to the objections on May 9, 2018, (Doc. No. 20), which Plaintiff now moves to strike. (Doc. No. 21). Defendant filed no response to Plaintiff's motion to strike. Therefore, the Court **GRANTS** Plaintiff's Motion to Strike Defendant's Reply, (Doc. No. 21), as untimely.

Even though this Court strikes Defendant's reply, (Doc. No. 20), Plaintiff's objections are not supported by law and the Court finds substantial evidence supporting the ALJ's decision. The Court finds no error in the Magistrate Judge's M&R and therefore **ADOPTS** its recommendations.

    A.    <u>No Apparent Conflicts Exist Between the Job Titles Suggested by the VE and Plaintiff's RFC.</u>

Plaintiff's first two objections deal with the ALJ's duty to resolve apparent conflicts between a VE's testimony and the DOT. An ALJ "has an affirmative responsibility to ask [a VE] about any possible conflict between [his] evidence and . . . the DOT." Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). "First, the ALJ must '[a]sk the [VE] . . . if the evidence he or she has provided conflicts with information provided in the [DOT]'; and second, '[i]f the [VE]'s . . . evidence appears to conflict with the [DOT],'" the ALJ must then independently "obtain a reasonable explanation for the apparent conflict." <u>Pearson v. Colvin</u>, 810 F.3d 204, 208 (4th Cir. 2015) (citing SSR 00-4p, 2000 WL 1898704, at *1, *4 (Dec. 4, 2000)). An ALJ has not fulfilled his responsibility to resolve conflicts merely because a VE responds "yes" when asked if his testimony is consistent with the DOT. <u>Id.</u> at 209. The conflicts the ALJ must identify are those that are "apparent," which occurs when "the [VE's] testimony seems to, but does not necessarily, conflict with the" DOT. <u>Id.</u>

    1. Short, Simple Instructions and Reasoning Level 2 Occupations.

Here, the ALJ found that Plaintiff was "[a]ble to follow short, simple

5

instructions." (Doc. Nos. 9 to 9-1; Administrative Record ("Tr.") at 24). The VE then stated that the jobs of office helper, inspector/hand packager, and cleaner were available for Plaintiff. (Tr. 29). The ALJ asked the VE if their testimony was consistent with the DOT. (Tr. 54). The VE responded, "Yes." (Tr. 54). The ALJ then adopted the testimony of the VE without independently identifying any conflicts between the VE's testimony and the DOT. (Tr. 54).

Both office helper and inspector/hand packager jobs require "Reasoning Level 2." See DOT 239.567-010, 1991 WL 672232; DOT 559.687-074, 1991 WL 683797. Reasoning Level 2 requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form." DOT, App. C, 1991 WL 688702. In contrast, Reasoning Level 1 requires the ability to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." Id. Plaintiff's argues that a limitation to "short, simple instructions" apparently conflicts with Reasoning Level 2. (Doc. No. 19 at 2).

In an unpublished decision, the Fourth Circuit held that an apparent conflict exists between an RFC that limits a plaintiff to "one-to-two step tasks" and Reasoning Level 2. Henderson v. Colvin, 643 Fed. App'x. 273, 277 (4th Cir. 2016). On the other hand, this Court has held that no apparent conflicts between "simple, routine, repetitive work" and Reasoning Level 2. Bethea v. Berryhill, No. 5:17-CV-145, 2018 WL 1567356, at *4 (W.D.N.C. Mar. 30, 2018) (applying Henderson and citing several cases with same result). Here, the Court finds that no apparent conflict exists

6

between a limitation to "short, simple instructions" and Reasoning Level 2.[2] The Court does not equivocate "short, simple instructions" to "one-to-two step tasks"—the limitation that the Fourth Circuit found conflicted with Reasoning Level Two in Henderson. A one-to-two step limitation is more restricting on a plaintiff than a short, simple instructions limitation. "[I]t is possible that a job could involve tasks or instructions that, while simple, may be more than one or two steps." McGriff v. Colvin, No. 3:16-CV-911-JAM, 2017 WL 3142336, at *3 (D. Conn. July 25, 2017). As a result, "there is a significant and now well-acknowledged difference between an RFC limitation to 'one-to-two step tasks' and an RFC limitation to 'short, simple instructions.'" Id.

2. O*Net

Plaintiff attempts to rely on the Occupational Outlook Handbook and O*Net to establish an apparent conflict. See (Doc. No. 19 at 3). However, District courts in North Carolina have repeatedly rejected claims that an ALJ must resolve any apparent conflicts between VE testimony and publications other than the DOT.

---

[2] Indeed, other courts within the Fourth Circuit concluded that a limitation to "short, simple instructions" does not produce an apparent conflict with Reasoning Level Two. See, e.g., Nance v. Berryhill, No. 5:16-CV-00230-RJC, 2018 WL 1176064, at *5 (W.D.N.C. Mar. 6, 2018) (limitation to "short, simple instructions"); Morris v. Berryhill, No. 3:16-CV-587, 2017 WL 4112365, at *12 (E.D. Va. Aug. 30, 2017) (limitation to "simple, repetitive" work); Thomas v. Berryhill, 3:16-CV-00836, 2017 WL 3595494, at *5 (W.D.N.C. Aug. 21, 2017) (appeal filed) (limitation to "short, simple instructions"); Snider v. Colvin, No. 7:12-CV-539, 2014 WL 793151, at *8 (W.D. Va. Feb. 26, 2014) (limitation to "short, simple instructions").

Street v. Berryhill, No. 1:17-CV-00204-FDW, 2018 WL 1935866, at *6 (W.D.N.C. Apr. 24, 2018) (citing Best v. Berryhill, No. 4:16-CV-268-D, 2017 WL 6626320 (E.D.N.C. Dec. 28, 2017); and Spurlock v. Berryhill, No. 1:17-CV-411, 2018 WL 791302, at *8 (M.D.N.C. Feb. 8, 2018)). The Social Security Regulations only require the ALJ to identify and resolve apparent conflicts between the VE's testimony and the DOT, not other administrative materials. (Id.) (citing Walker v. Berryhill, No. CV 16-01040-KES, 2017 U.S. Dist. LEXIS 42524, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017); SSR 00-4p, at *4-5, 2000 WL 1898704, at *2). The Court does not find that the ALJ has an affirmative duty to seek out and resolve apparent conflicts between the VE's testimony and O*Net when the VE did not rely on O*Net for their conclusions. See Nguyen v. Colvin, No. SACV 13-01338-DFM, 2014 WL 2207058, at *3 (C.D. Cal. May 28, 2014) ("[I]t is immaterial whether Plaintiff's RFC is compatible with the requirements of her past relevant work as determined by O*NET because the VE did not consult that source. Rather, the VE relied upon the DOT….").

3. DOT Descriptions

Plaintiff's second objection argues that the Magistrate Judge erred by conflating the ALJ's limitation to "no work requiring a production rate or demand pace" with work akin to an assembly line. (Doc. Nos. 9 at 21; 19 at 3). As this Court has previously stated, "[t]he limitation from assembly line pace mirrors the limitation to non-production pace . . . ." Holbrook v. Berryhill, No. 3:16-CV-00713-RJC, 2018 WL 325244, at *4 (W.D.N.C. Jan. 8, 2018). Assembly line limitations address impairments with pace. Id.; see also Baca v. Berryhill, No. CV-16-246-WPL, 2017

8

WL 3267745, at *4 (D.N.M. July 31, 2017). Therefore, the Magistrate Judge did not err by construing a limitation of no "production rate or demand pace" to mean no work at an assembly-line pace.

In the alternative, Plaintiff argues that the three identified jobs apparently conflict with the RFC limitation to "no work requiring a production rate or demand pace." (Tr. 24). The M&R found that "[n]othing in the DOT suggests that the office helper, inspector/packer or housekeeping cleaner jobs involve production pace work akin to an assembly line," or production rate/demand pace. (Doc. No. 18 at 8). The Court agrees.

The Court first examines whether an apparent conflict arises between the RFC and the DOT job description. See Gordon v. Berryhill, No. 3:16-CV-130, 2017 WL 5759940, at *4 (W.D.N.C. Nov. 28, 2017). When the DOT is silent on an issue, however, the ALJ has greater leeway to rely on the information provided by the VE. Id. Here, none of the three jobs expressly requires assembly line work or production rate pace. Therefore, the ALJ was entitled to strongly rely on the information provided by the VE regarding whether such vocations required assembly line pace. Moreover, this Court has previously found that no apparent conflict exists between an RFC limitation to "no assembly-line production" and the inspector and hand packager job. Carr v. Berryhill, No. 3:16-CV-00778-RJC-DSC, 2018 WL 1004749, at *4 (W.D.N.C. Feb. 21, 2018) (stating that merely because one "packages" or "assembles" something does not mean that they do so at an assembly-line pace); see also Kelly v. Astrue, No. CV-11-3295-JCG, 2012 WL 1439354, at *3–4 (C.D. Ca. Apr.

26, 2012). Other courts have likewise found that no apparent conflict exists for housekeeper and office helper. See Baca, 2017 WL 3267745, at *5 ("While [plaintiff] would be required to clean a certain number of rooms in a given time period [for housekeeper], he could stop and start, accelerate or decelerate as necessary in that timeframe."); Kelly, 2012 WL 1439354, at *3–4 (finding no apparent conflict between office helper and non-assembly line pace).

> B. The ALJ Did Not Err in Forming a Logical Bridge Between the Record and Plaintiff's Limitation to Simple, Routine, Repetitive Tasks for Two-Hour Segments.

Plaintiff argues in her third objection that the ALJ failed to form a logical bridge from the evidence to the conclusion that Plaintiff could do simple, routine, repetitive tasks for two-hour segments. (Doc. No. 19 at 4–5). Specifically, Plaintiff argues that the ALJ merely made a conclusory statement that Plaintiff could sustain her attention for two hours at a time without any explanation of what evidence was used to reach her conclusion. (Doc. No. 11 at 13).

In Mascio v. Colvin, the Fourth Circuit stated that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d 632, 636 (4th Cir. 2015). The Fourth Circuit also stated that the "ability to perform simple tasks differs from the ability to stay on task." Id. at 638. "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. While the ALJ must "build an accurate and logical bridge from the evidence to his conclusion,"

Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016), an ALJ need not discuss functions when they are "irrelevant or uncontested," Mascio, 780 F.3d at 636. In Holbrook, this Court held that "[l]imiting a claimant to strict production quotas addresses impairments to concentration-related issues." 2018 WL 325244, at *4 (citing Martin v. Colvin, No. 1:14-CV-234, 2015 WL 9094738, at *4, 2015 U.S. Dist. LEXIS 168689, at *12 (W.D.N.C. Dec. 16, 2015)).

Here, the ALJ found that claimant had moderate difficulties regarding concentration, persistence, or pace. (Tr. 23). The ALJ then assigned Plaintiff the following RFC:

> perform light work as defined in 20 CFR416.967(b) except only occasional postural activity and should avoid work place hazards. Able to follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace. Able to sustain attention and concentration for 2 hours at a time. Frequent, but not continuous, contact or interactions with coworkers, supervisors, and the public. Avoid work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting.

(Tr. 21). In reaching this RFC, the ALJ relied on the opinions of state agency psychologists. (Tr. 31). One of the testifying doctors stated that Plaintiff "is able to maintain attention and concentration for two hour periods over an [eight] hour day." (Tr. 66). Plaintiff did not cite to any medical records that would contradict the doctor's testimony.

By relying on the medical opinions of state agency psychologists and doctors, the ALJ built "an accurate and logical bridge" as required by Monroe, 826 F.3d at 189, from the evidence to the conclusion. The ALJ was entitled to rely upon the doctor's opinion in the absence of any contradictory evidence. Since Plaintiff offered

11

no contested medical opinions, this Court accepts the ALJ's opinion that Plaintiff could sustain attention for two hours at a time.

      C.      <u>The ALJ Adequately Addressed Plaintiff's Capacity to Handle Stress.</u>

In her fourth objection, Plaintiff argues that the ALJ did not adequately address Plaintiff's capacity to handle stress. (Doc. No. 19 at 6–7). The Court disagrees. As the M&R points out, the ALJ included as variety of limitations in Plaintiff's RFC. In addition to non-production jobs with two-hour work intervals, the ALJ further limited Plaintiff to "[a]void work environments dealing with crisis situations, complex decision making, or constant changes in a routine setting." (Tr. 21). While the ALJ does not explicitly state "low-stress environment," the Court agrees with the cases cited by the Commissioner and the Magistrate Judge. (Doc. No. 18 at 6) (citing <u>Martin v. Colvin</u>, No. 1:14-CV-234, 2015 WL 9094738, at *6 (W.D.N.C. Dec. 16, 2015) ("[T]he RFC's limitation to jobs without 'strict production quotas' accounts for Dr. Finch's opinion that Claimant can work in a low stress environment."); <u>Cloer v. Astrue</u>, No. 2:10-CV-018, 2011 WL 5974370, at *6 (W.D.N.C. Nov. 29, 2011) (holding that the ALJ's RFC finding for "simple, repetitive jobs with things rather than people" accounted for expert's opinion that Plaintiff's "stress tolerance appears to be moderately impaired")). It is obvious that Plaintiff's RFC addresses Plaintiff's limitations regarding her stress by buffering her interaction with production quotas, crisis situations, constant change in routine settings, and

two-hour work intervals, while keeping her interactions simple, repetitive, and with a somewhat limited interaction with others.

## IV. CONCLUSION

After review of the ALJ's decision, the parties' motions and memoranda, the Court agrees with, and adopts, the Magistrate Judge's recommendation. The ALJ's decision is supported by substantial evidence and contains no error in applying the law.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 18), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

3. Defendant's Motion for Summary Judgment (Doc. No. 16), is **GRANTED**;

4. Plaintiff's Motion to Strike Defendant's reply, (Doc. No. 21), is **GRANTED**; and

5. The Clerk of Court is directed to close this case.

Signed: August 7, 2018

Robert J. Conrad, Jr.
United States District Judge